UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE<br><br>TERESA JEAN MOORE,<br><br>Debtor.<br><br>———————————————<br>TERESA JEAN MOORE,<br><br>Plaintiff,<br><br>v.<br><br>DEVIN DERHAM-BURK, CHAPTER 13 TRUSTEE,<br><br>Defendant. | Case No. 5:18-cv-01884-EJD<br><br>**ORDER DENYING MOTION FOR RELIEF FROM THE DISMISSAL ORDERS; DENYING AS MOOT MOTION FOR CONSOLIDATION**<br><br>Re: Dkt. No. 5 |

Presently before the court is a document filed by Appellant Teresa Jean Moore entitled "Appellant Response to the Orders to Show Cause and Motion for the Relief from the Dismissal Orders and for the Consolidation of the Appeal Cases." Dkt. No. 5.[1] As the court understands this pleading, Appellant moves under Federal Rule of Civil Procedure 60(b) for an order vacating dismissals for lack of prosecution entered in other appeals arising from her Chapter 13 bankruptcy. Assuming she can achieve that relief, Appellant also moves to consolidate her appeals.

Because three of Plaintiff's appeals have been dismissed on other grounds - for lack of

---

[1] Though the caption seemingly applies this motion to six of Plaintiff's cases, it was filed only in this action. The court, in turn, files this order only in the case in which the motion appears.
Case No.: 5:18-cv-01884-EJD
ORDER DENYING MOTION FOR RELIEF FROM THE DISMISSAL ORDERS; DENYING AS MOOT MOTION FOR CONSOLIDATION

1

appellate jurisdiction (Case No. 5:18-cv-00951-EJD), as moot (Case No. 5:18-cv-01884-EJD), and pursuant to a motion to dismiss (Case No. 5:17-cv-03760-EJD) - they are no longer subject to this motion. As to the remaining appeals (Case Nos. 5:17-cv-03761, 5:17-cv-03954-EJD, and 5:17-cv-07315-EJD), the court finds, concludes and orders as follows:

1. Rule 60(b) applies to proceedings in bankruptcy. Fed. R. Bankr. P. 9024. The rule "'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief.'" Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (quoting Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991)). "Rule 60(b) is 'remedial in nature and . . . must be liberally applied.'" TCI Group Life Ins. v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001) (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)). However, Rule 60(b) relief is extraordinary and will not apply to a showing which does not justify its application. See Stevens v. ITT Sys., Inc., 868 F.2d 1040, 1041 n. 1 (9th Cir.1989).

2. Appellant relies on Rule 60(b)(1), which applies to circumstances amounting to "mistake, inadvertence, surprise, or excusable neglect." Importantly, "[n]either ignorance nor carelessness on the part of the litigant . . . provide grounds for relief under Rule 60(b)(1)." Engleson v. Burlington N. R.R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992) (quoting Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 607 (7th Cir. 1986)).

3. Furthermore, "[t]o determine whether a party's failure to meet a deadline constitutes 'excusable neglect,' courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." Ahanchian v. Xenon Pictures, Inc., 624 F.3d 1253, 1261 (9th Cir. 2010) (citing Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395 (1993); Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997)). This is known as the Pioneer/Briones test.

4. Here, Appellant failed to meet a deadline set by the court. In each of Case Nos. 5:17-cv-03761-EJD, 5:17-cv-03954-EJD, and 5:17-cv-07315-EJD, the court filed Orders to Show Cause explaining the appeals would be dismissed unless she explained their lack of progress, in writing, no later than April 5, 2018. The appeals were then dismissed after the court received no responses to the Orders to Show Cause.

5. Appellant now explains she attempted to file timely responses, but that the courier she employed filed the responses in the bankruptcy court rather than in the district court. She states she did not discover the error until May 6, 2018, after "the payment of PACER fees and the download of document filings."

6. Liberally applying the Pioneer/Briones test to this explanation, the court concludes extraordinary relief is not justified. The first two factors do not weigh against Rule 60(b)(1) relief; there is little prejudice to the respondents outside of the delay inherent to litigating these appeals on the merits, and the length of the delay between entry of the dismissals and the filing of Appellant's motion is not extraordinary.

7. The last two factors, however, weigh heavily against Rule 60(b)(1) relief. As to the reason for delay, it does appear the responses were filed with bankruptcy court rather than the district court. But Appellant provides no reason why she failed to discover that error for one month, making that period of inactivity difficult to classify as something other than ignorance or carelessness. Indeed, as Appellant's motion makes abundantly clear, she is a well-versed litigant despite her unrepresented status. Her experience with bankruptcy appeals alone demonstrates her awareness of the different roles of the bankruptcy court and the district court, and she offers no reason why she failed to note the bankruptcy court file stamps on the conformed copies of her pleadings or why she neglected to look at the PACER case dockets for weeks. The fact she chose to initiate several cases in multiple jurisdictions as an unrepresented party with medical and other personal issues is no longer a valid excuse at this point. Indeed, Appellant is "expected to abide by the rules of the court in which [she] litigates." Carter v. Comm'r of Internal Revenue, 784 F.2d

1006, 1008 (9th Cir. 1986). She cannot be permitted to continually flout the rules, over and over again, regardless of the reasons.

8. Looking to whether Appellant is acting in good faith, the court concludes she is not. The number of appeals that were at one time pending before the undersigned - six in total - suggests that Appellant's strategy is to simply appeal from any adverse decision, regardless of merit, in an effort to obstruct her creditors. This suggestion becomes more conclusive when considered along with Appellant's other instances of carelessness. In another appeal, Case No. 5:17-cv-03760-EJD, Appellant failed to oppose a motion to dismiss by the deadline required by the local rules. She then waited for nearly two months after the deadline had expired before seeking an extension of time, allowing the motion to be granted as unopposed.

In addition, the court cannot ignore the bankruptcy court eventually dismissed her Chapter 13 case due to "unreasonable delay by the debtor that is prejudicial to creditors." In its ensuing order, the bankruptcy court made the following findings:

> Debtor filed this chapter 13 case on December 16, 2016. Trustee filed her First Amended Objection to Confirmation on April 20, 207, and her Motion to Dismiss on September 8, 2017. Debtor filed a timely opposition on September 29, 2017. Trustee filed her Second Amended Objection to Confirmation on October 6, 2017. Thirteen of the eighteen objection points in the Second Amended Objection to Confirmation were carried over from the previous objection. Despite knowing about these objections since April 2017, Debtor has made little effort to resolve them.
>
> The Second Amended Objection to Confirmation included a point that the second amended plan, filed by Debtor on June 9, 2017, was not served on creditors. Yet, Debtor did not serve the plan until November 4, 2017, more than a month after the Trustee objected and less than two dates before the hearing. This process guaranteed further delay as there may be additional creditors who wish to object to the plan and have not been given notice of it. Beyond that, many of the objection points in the Second Amended Objection to Confirmation require Debtor to file amended schedules, amended Statement of Financial Affairs, and other documents. None of them has been filed. Although Debtor filed a second amended plan on June 9, 2017, she did not include amendments requested by the Trustee in her confirmation objection file don April 20, 2017.
>
> Debtor's prosecution of this case evidences a pattern of unwarranted delay . . . .

Case No.: 5:18-cv-01884-EJD
ORDER DENYING MOTION FOR RELIEF FROM THE DISMISSAL ORDERS; DENYING AS MOOT MOTION FOR CONSOLIDATION

4

Appellant has continued to demonstrate a pattern of unwarranted delay before this court. Accordingly, in light of Appellant's pervasive record of failing to comply with basic procedure, the court finds the purpose of these appeals, and that of the underlying Chapter 13 case, is not legitimate but is instead dilatory and in bad faith.

On balance, the third and fourth factors of the Pioneer/Briones test far outweigh the first two. Far from an extraordinary showing favoring Rule 60(b) relief, Appellant has only demonstrated ignorance and carelessness. Because Appellant has not satisfied her burden, the motion for relief from the dismissal orders in Case Nos. 5:17-cv-03761, 5:17-cv-03954-EJD, and 5:17-cv-07315-EJD is DENIED.

In turn, the motion to consolidate these closed cases is also DENIED.

**IT IS SO ORDERED.**

Dated: August 24, 2018

EDWARD J. DAVILA
United States District Judge